

FILED
SUPERIOR COURT
OF GUAM

2013 MAY -3 AM 9: 31

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT
OF GUAM**

| | |
|---|---|
| THE PEOPLE OF GUAM, | ) CRIMINAL CASE No. CF-0518-12 |
| | ) |
| | ) |
| v. | ) |
| | ) **DECISION AND ORDER** |
| | ) On Defendant's Motion for Leave to |
| CHIN-HO PETER WANG, | ) Place Mental State at Issue, for |
| | ) Forensic Psychiatric Examination, and |
| Defendant. | ) Other Relief |
| | ) |

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on January 3, 2013 on Defendant's Motion for Leave to Place Mental State at Issue, for Forensic Psychiatric Examination, and for Other Relief. The People of Guam were represented by Assistant Attorney General Lisa Hack. The Defendant was represented by Assistant Public Defender Maria Fitzpatrick. Having reviewed the memorandum and papers presented, the court now issues the following decision GRANTING the Defendant's Motion to Place Mental State at Issue, GRANTING the Motion for Forensic Psychiatric Examination, and DENYING the Defendant's Motion for a Protective Order.

## FACTUAL HISTORY

The Defendant was indicted on one count of felony *First Degree Criminal Sexual Conduct*, one count of felony *Terrorizing* involving a *Special Allegation of Possession and Use of a Deadly Weapon*, and one count each of misdemeanor *Family Violence* and *Assault*. The indictment arises from the allegation that the Defendant physically and sexual assaulted his girlfriend at knife point on August 31, 2012. Against the Defendant's wishes, Defense Counsel

now moves to place the Defendant's mental state at issue before the Court and to obtain a court-ordered forensic examination. Assuming these two motions are granted, Defense Counsel further argues that the Defendant is entitled to a protective order for all statements made during the course of his psychiatric evaluation.

A defendant should plead the affirmative defense of not guilty by reason of mental illness, disease, or defect defense within ten days of arraignment, unless good cause for delay is demonstrated. §7.22(d). In the case presently before the Court, Counsel for the Defendant has moved to enter the plea more than three months after the Defendant was arraigned on September 19, 2012. The People timely filed an opposition to the motion. Because the Court finds that there exists good cause for the delay, the Court grants the Motion to Place Mental State at Issue and grants the Motion for Psychiatric Examination. For the following reasons the Court denies the Motion for a Protective Order.

## DISCUSSION

Guam law protects the right of defendants to plead the affirmative defense of mental illness, disease or defect to pending criminal charges. 7 GCA §7.22. A defendant should plead the defense within ten days of arraignment, unless good cause for delay is demonstrated. *Id.* In the case presently before the Court, Counsel for the Defendant has moved to enter a plea of not guilty by reason of mental disease or defect, but has done so more than three months after his arraignment. Defense Counsel has further moved for a court-ordered psychiatric evaluation and for a protective order for all statements made during the course of the examination. The People oppose the Defendant's motion, but "leave the determination of "good cause" to the discretion of the court." Each of the three motions will be evaluated in turn.

## I.    *The Defendant Has Demonstrated Good Cause for Delaying his Plea*

That a defendant is unable to enter a plea of not guilty by reason of mental disease or defect within ten days of arraignment is not an absolute bar to the entering the affirmative defense. Guam law recognizes that there are circumstances that may necessitate a defendant pleading not guilty at a later date and grants the court the discretion to accept the plea where good cause is demonstrated. Specifically, the law states that the defendant shall plead "not later than ten days after his arraignment *or at such later time as the court for good cause may allow.*" 7 GCA §7.22(d) (emphasis added).

Guam's statute was modeled after California law. California case law provides guidelines for determining "good cause" in accepting a change of plea to not guilty by reason of mental disease or defect. In California the defendant "should be required to produce evidence which would show the trial judge that there were reasonable grounds to believe that at the time of the commission of the crime he was legally insane." *People v. Hererra*, 163 Cal.Rptr 435, 439 (1980) (citing *People v. Morgan*, 50 P2d. 1051, 1062). Such evidence includes medical records of previously conducted psychiatric evaluation and treatment. *See Id.* Accordingly, a change to a plea of not guilty by reason of mental disease or defect may even be accepted after the commencement of trial where its denial may result in the "withdrawal of a crucial defense." *In re Kubler*, 126 Cal.Rptr. 25 (1975).

There is medical evidence indicating that the Defendant may be incompetent to stand trial. The Defendant has previously undergone treatment with the Veteran's Administration, has been diagnosed with post-traumatic stress disorder ('PTSD'), and is being evaluated to determine if he suffered brain damage from an explosion that occurred during his service in the U.S. Army. The People oppose the motion, but provide little to no legal basis for their opposition. Because

the Defendant can provide evidence that may implicate his mental state at the time of his alleged crimes, the Court's will not use its discretion to deny the affirmative defense.

The delay in pleading the affirmative defense is due to the Defendant's unwillingness to enter a plea of not guilty by reason of mental disease or defect. Having tried to work with the Defendant, Defense Counsel now asks the Court to mandate that he undergo a psychiatric evaluation based upon unusual behavior exhibited throughout the course of the case. This behavior has led Defense Counsel to conclude that "He [the Defendant] does not think clearly and cannot make rational decisions." The Declaration of Defense Counsel detailing Defendant's unusual behavior combined with the Defendant's medical history indicates that he could be incompetent to stand trial. Because knowledge of the Defendant's mental state at the time of the commission of the crime may prove critical to his own defense, the Court finds that good cause for the delay in pleading the affirmative defense has been established.

## II. Determining Competency to Stand Trial Requires a Psychiatric Evaluation

In order to determine whether or not the Defendant is competent to stand trial a psychiatric evaluation must be conducted. Having established that the Defendant has good cause to plead the affirmative defense, statutory law requires that "Upon the giving of such notice or upon a plea of not guilty by reason of mental illness, disease or defect, the court shall order an examination to be conducted, as provided in § 7.25." 9 GCA § 7.22(d). Guam law further requires that "Whenever a plea of not guilty by reason of mental illness [] is entered or a notice is given under § 7.22, the court shall appoint at least one qualified psychiatrist or other qualified person (hereinafter referred to as psychiatrist) to examine the defendant and to report upon his mental condition." 9 GCA §7.25(a).

In their opposition to Defense Counsel's motion the People request that the Court defer entry of the Defendant's plea until the reports from the psychiatric evaluation are filed with the court. The Court finds this request unnecessary. Immediately following the court-ordered psychiatric evaluation, Guam statutory law requires that "Each psychiatrist appointed by the court who examines the defendant pursuant to this Section shall file a written report with the clerk of the court who shall deliver copies to each party." By law, the psychiatric report will be filed with the court shortly after the examination of the Defendant has been conducted. If the People wanted entry of the Defendant's plea to be deferred for another reason, that reason was not clearly stated in their opposition.

Similarly, the People express concern that the Court will either appoint more than one psychiatrist or that the Court will appoint a psychiatrist of the Defendant's choosing. The opposition states "The People urge the court to appoint the court retained psychiatrist to evaluate the Defendant first." Again, the Court finds that the People's concerns are unfounded. In *People v. Rabago*, CF 0506-10, this Court made clear that it will only appoint a single, local psychiatrist and that "Absent a showing that the Court appointed psychiatrist is unqualified to report upon the Defendant's mental condition, there is no requirement that the Court pay for an additional psychiatrist for the Defendant. The authorization of such additional expenses is at the discretion of the Court and is not currently viewed as reasonable." Decision and Order on Defendant's Application for Services, Fees & Costs.

Defense counsel has additionally requested that the report of the court-appointed psychiatrist include eight itemized pieces of information. As with the People's first request, this request is unnecessary and the Court need not reiterate the eight items here. The eight items

delineated in Defense Counsel's motion are the exact same eight items that the court-appointed psychiatrist is mandated, by Guam law, to include in his or her report. 9 GCA § 7.25(g).

## III.  *The Defendant Has not Demonstrated a Need for a Protective Order*

The Defendant has also motioned the Court to have all statements made during the course of his psychiatric evaluation placed under a protective order. The motion specifically states that the Defendant "should not be required to choose between waiving his doctor-patient privilege and his right to remain silent." The Defendant correctly states that "the use at trial of statements exacted by the compulsion of a court ordered psychiatric exam where the statement tends to establish the fact of the offense is a violation of the privilege against self incrimination." The Defendant does not need a protective order, however, as the law already prohibits using privileged psychiatric statements to establish the facts of the offense. Because Defense Counsel appears to have forgotten, the Court will now reiterate the arguments previously provided in to Counsel in *People v. Uncangco*, CF 0429-12.

### A.  Guam Law Requires Disclosure

Guam law mandates the disclosure of reports generated from court-ordered psychiatric evaluations. The statutory law is not only unequivocal, it is decidedly detailed in the exact procedure that must be undertaken. The law requires that "Each psychiatrist appointed by the court who examines the defendant pursuant to this Section *shall file a written report with the clerk of court who shall deliver copies to each party.*" §7.25(g) (emphasis added). The law also delineates the information the psychiatrist places within the report and that information to which the psychiatrist may testify to at trial. §7.25(g)(1)-(8); (h). The law governing the appointed psychiatrist's report and testimony prevents the introduction of evidence not specific to the issue

of mental competency and addresses the Defendant's concern that his statements be admitted solely on the issue of his affirmative defense.

**B. The Court Will Appoint a Psychiatrist and Will Not Sit as a Fact Finder**

The Defendant correctly points out that an indigent defendant's right to psychiatric counsel is not satisfied when the psychiatrist is required to disclose his evaluation to the court *sitting as a fact finder. Smith v. McCormick*, 914 F.2d 1153, 1158 (1990): *Pawlyk v. Wood*, 248 F.3d 815, 824 (2001). The facts of the present case are distinguishable. By appointing an independent psychiatrist, the Court will not sit as a fact-finder and will not determine the scope of the psychiatrist's duties.

The *Pawlyk* case, like Guam statutory law, very precisely delineates the constitutional rights afforded an indigent defendant who places his mental health at issue before the court. Due process guarantees the defendant access to a single, competent psychiatrist. *Id.* at 823. The seminal U.S. Supreme Court case of *Ake v. Oklahoma* made clear that this does *not* give the defendant "a constitutional right to choose a psychiatrist of his personal liking or to receive funds to hire his own." 470 U.S. 68, 83 (1985). Additionally, "*Ake* does not guarantee access to a psychiatrist 'who will reach only biased or favorable conclusions.'" *Pawlyk* at 823 (quoting *Harris v. Vasquez,* 949 F.2d 1497, 1516–17 (9th Cir.1990)). The Ninth Circuit summarizes: "That due process guarantees a defendant access to a single, competent psychiatrist, but does not guarantee a favorable evaluation, leads inexorably to the conclusion that a psychiatrist's evaluation or opinion may have an adverse, but constitutionally permissible, effect on particular mental status defenses that a defendant might wish to present." *Id.* Therefore, defendants must, "consider whether the testimony will be harmful or helpful in light of the psychiatrist's evaluation." *Id.*

Defendants who place their mental health at issue before the court, do so knowing that the results of a court-order psychiatric exam will be made available to the People. Both before the psychiatric evaluation and after receiving the evaluation results, the Defendant must decide if he wishes to assert the affirmative defense. Furthermore, because the defendant seeks to prove that he is not criminally liable by reason of mental disease or defect, the defendant cannot withhold evaluation evidence relevant to the very issue he has placed before the court. *See Id.* at 825. In *Pawlyk*, the defendant was able to obtain two independent psychiatric evaluations – the first of which was unfavorable to his defense. When the defendant called the second psychiatrist to testify on his behalf, the prosecution sought to have the first psychiatric evaluation admitted into evidence for the purpose of rebuttal. The Ninth Circuit upheld the Washington Supreme Court's finding that the first report was discoverable, admissible evidence. The first evaluation was discoverable because "the compelled disclosure of Dr. Harris' evaluation was not tantamount to appointing a psychiatrist upon a condition of full disclosure, but was the consequence of [the defendant's] decision to assert an insanity defense." *Id.* at 826.

## C. The Defendant's Fifth Amendment Rights are not Implicated

Where a psychiatrist's evaluation is limited to the issue of a defendant's competency to stand trial and the ability to aid in his own defense, the Fifth Amendment is not implicated. *Estelle v. Smith*, 451 U.S. 454, 465 (1981). The Defendant argues that he needs a protective order for his psychiatric evaluation because "Statements made about the event at issue should be sealed and not used in criminal proceedings and he [the Defendant] should not have to choose between his right to remain silent and the right to have a diagnosis. Should he put his mental state at issue then the report would be turned over to the prosecutor and the Court [sic]." The Defendant's concern is addressed by statutory and case law requiring that the report be admitted for the

limited purpose of establishing a defendant's ability to stand trial and his mental competency during the acts charged. *See Estelle* (holding that psychiatric evaluation results could not be used to establish 'future dangerousness' for sentencing purposes following conviction).

The Defendant's due process rights are not currently implicated. Defendant correctly notes that allowing the prosecution to "enlist the psychiatrists' efforts to help secure a conviction would deprive an indigent defendant of due process." While this statement is true, it does not apply to this case. There is a critical distinction between using the information contained within the psychiatric evaluation for rebuttal purposes – which is permitted by law – and using the same information to establish a conviction. The People have made no motion indicating that they seek to use the results of the as yet incomplete, future report to establish the Defendant's guilt. Instead, the People seek only to enforce their statutory right to have access to the results of the court-ordered evaluation.

The People's right to have access to the report is mandated by Guam law and supported by case law from both the U.S. Supreme Court and the Ninth Circuit. The Supreme Court has made clear that, "Where, however, a defendant places his mental status at issue and thus relies upon reports of psychological examinations, he should expect that the results of such reports may be used by the prosecutor in rebuttal." *Buchanan v. Kentucky*, 483 U.S. 402, 425 (9187). In *Buchanan*, the defendant challenged the introduction of results from a court-appointed psychiatric evaluation on grounds that he had not been informed that his statements could be used against him at trial. The Supreme Court affirmed the admissibility of the reports and found no Fifth Amendment violation because "the psychiatrist had set forth his general observations about the mental state of petitioner but had not described *any* statements by petitioner dealing with the crimes for which he was charged." *Id.* at 424.

When a defendant requests a psychiatric evaluation, the People can rebut "with evidence from the reports of the examination that the defendant requested," because the defendant has "no Fifth Amendment privilege against the introduction of this psychiatric testimony by the prosecution." *Id.* at 423. Additionally, a "defendant who asserts a mental status defense lacks a Fifth Amendment right to remain silent regarding the mental status that he has placed at issue," because "a defendant's communication to a psychiatrist regarding his mental status is often the only meaningful evidence available to either the prosecution or the defendant regarding the defendant's mental state." *Pawlyk* at 825 (citing *Buchanan* at 422-423; *Estelle* at 465). The Supreme Court and Ninth Circuit cases consistently find that reports from a court-appointed psychiatrist are discoverable material available to the People when an indigent defendant elects to place his mental health at issue before the court. This case law, coupled with the mandate of Guam law requiring that the report be delivered to "the other party in the action," prevents the Court from granting a protective order. 9 GCA §7.25(g).

## CONCLUSION

Based on the foregoing, the Court GRANTS the Defendant's Motion to Place Mental State at Issue and Motion for Forensic Psychiatric Examination. Because there is no need, the Court DENIES the Defendant's Motion for a Protective Order. Further Proceedings are set for ____MAY 0 8 2013____ 2013 at 9am.

SO ORDERED, this 3rd day of May 2013.

I do hereby certify that the foregoing is a true and correct copy of the Original on file in the office of the Clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

MAY 0 2 2013

Benny D. Cruz
Deputy Clerk, Superior Court of Guam

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam